Mark W. Lockwood was charged with driving under the influence of alcohol in violation of R.C. 4511.19(A)(1) and operating left of center in violation of R.C. 4511.31.
After his motion to suppress the results of a breath test was overruled, Lockwood entered a plea of no contest to driving under the influence, and the other charge was dismissed. The trial court found Lockwood guilty and imposed a fine, a jail sentence, a license suspension, and court costs.
On appeal, Lockwood asserts two assignments of error as follows:
 I. THE TRIAL COURT ERRED WHEN IT RULED THAT THE OFFICER POSSESSED A REASONABLE ARTICULABLE SUSPICION TO SUPPORT THE TRAFFIC STOP OF THE DEFENDANT-APPELLANT.
 II. THE TRIAL COURT ERRED WHEN IT RULED THAT THE OFFICER HAD PROBABLE CAUSE TO ARREST THE DEFENDANT-APPELLANT FOR VIOLATING OHIO REVISED CODE SECTION 4511.19(A)(1).
At the suppression hearing, Police Officer Mark Lane of the German Township (Clark County) Police Department was the only witness. He testified that around 11:30 or 11:45 p.m. on April 8, 1997, he was in his police cruiser on Upper Valley Pike, approximately eight car lengths behind a dark colored car operated by the defendant, Lockwood. Officer Lane testified that within a distance of less than one-half mile, he observed Lockwood's car cross the double yellow line and return to the appropriate lane of travel and again cross the "center line" or "passing lines" and return to the appropriate lane of travel. He testified that both times the car went left of center about one-quarter of the car width, and that both the front and rear tires were that distance left of center. Officer Lane testified that both times the car went left of center, it returned to the proper lane "pretty quickly," and that he observed no other erratic driving. He testified that there were no other cars in the area and that he closed upon Lockwood's car in order to make a traffic stop when Lockwood pulled into a trailer park and stopped in front of a trailer approximately three trailers from the entrance. Lockwood turned off his headlights, but kept the engine running. Lockwood's car had Greene County license plates; the trailer park was in Clark County. Officer Lane testified that he remained some distance behind Lockwood's car waiting for his police radio to clear so that he could call in the stop. He testified that for safety reasons, he did not want to approach the car without first radioing that he was making a stop. After radioing in the stop, Officer Lane approached Lockwood's car and found Lockwood to be the driver. Lockwood told Officer Lane that he had stopped to finish a sandwich which he had purchased at McDonald's. In response to Officer Lane's question as to why he had chosen this particular spot to do so, Lockwood replied that he did not know. When Lockwood spoke, Officer Lane smelled a "large source of alcohol from . . . his breath." Lockwood told Officer Lane that he had consumed four beers before leaving home. Officer Lane asked Lockwood to perform field sobriety tests and, as Lockwood exited the car, he "swayed a little bit" and was "about falling." Officer Lane grabbed Lockwood's arm to make sure he was alright. After exiting the car, Lockwood claimed that he could not do any field sobriety tests because of a Vietnam war disability.
Lockwood contends that the trial court erroneously determined that Officer Lane possessed a reasonable, articulable suspicion to support a traffic stop.
R.C. 4511.31 provides in its entirety as follows:
 The department of transportation may determine those portions of any state highway where overtaking and passing other traffic or driving to the left of the center or center line of the roadway would be especially hazardous, and may, by appropriate signs or markings on the highway, indicate the beginning and end of such zones. When such signs or markings are in place and clearly visible, every operator of a vehicle or trackless trolley shall obey the directions thereof, notwithstanding the distances set out in section 4511.30
of the Revised Code.
Given Officer Lane's unrefuted testimony that Lockwood crossed a double yellow line and, within another half mile, the "center line" or "passing lines," each crossing being by one-quarter of his car's width, the trial court correctly concluded that Officer Lane had a reasonable, articulable suspicion, if not probable cause, to believe that Lockwood had violated a traffic law. Accordingly, the traffic stop was appropriate.
If Lockwood is arguing that at the time Officer Lane effected the stop he lacked a reasonable, articulable suspicion that Lane was driving under the influence of alcohol, this contention misses the mark. Officer Lane was not required to have a reasonable suspicion that Lockwood was driving under the influence of alcohol in order to stop him for another traffic violation which he had observed. If, after stopping Lockwood and in the course of following up on the left of center violation, Officer Lockwood's observations gave him a reasonable, articulable suspicion that Lockwood had been driving under the influence, he could follow up on that suspicion. If that follow up provided Officer Lane with probable cause to believe Lockwood had been driving under the influence, he could arrest Lockwood for that offense.
Probable cause has been defined in part as "facts and circumstances within the officer's knowledge (which are) sufficient to warrant a prudent man in believing that the suspect had committed or (is) committing an offense." Beck v. Ohio379 U.S. 89, 91 (1964). Here, probable cause to arrest for DUI followed quickly upon the heels of a reasonable, articulable suspicion of DUI. At the time that Office Lane decided to place Lockwood under arrest for driving under the influence of alcohol, he had observed two traffic violations which, particularly given the time of evening, were indicative of impaired driving. Lockwood had left the highway, entered into a trailer park, parked in front of a trailer residence with which he apparently had no connection, and turned off his headlights but kept his motor running. When he was confronted by Officer Lane, he emitted a strong odor of alcohol and stated that he had drunk four beers prior to leaving his home. When asked to perform field sobriety tests, he had difficulty exiting his car and had to be assisted by Officer Lane, and only after exiting the car did he say he was incapable of performing field sobriety tests due to a Vietnam war disability.
Based on these unrefuted observations, we find that the trial court properly concluded that Officer Lane had probable cause to place Lockwood under arrest for driving under the influence of alcohol.
The two assignments of error are overruled.
The judgment will be affirmed.
BROGAN, J. and FAIN, J., concur.
Copies mailed to:
Paul J. Kavanagh
Michael F. Shiels
Julie M. Olson
Hon. Eugene S. Nevius